**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **3:95-CR-252(05)-P** |
| | ) | **(3:05-CV-1699-P)** |
| **MARCUS MORGAN, #27744-077,** | ) | |
| **Defendant/Movant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court for consideration is Movant's motion to vacate, set aside, or correct sentence filed on August 23, 2005, pursuant to 28 U.S.C. § 2255.  Movant is an inmate in the federal prison system.  He is presently incarcerated at the Federal Correction Institution in Texarkana, Texas.  The government has not been ordered to respond,  pending preliminary screening.

Procedural History:  Following his plea of not guilty to a multi-count indictment, a jury convicted Movant of the conspiracy count and of three counts of distribution of cocaine base near a school.  The District Court sentenced him to an aggregate total of 240 months imprisonment and an eight-year term of supervised release.  The Fifth Circuit affirmed the conviction and sentence.  United States v. Morgan, 117 F.3d 849 (5th Cir. 1997).

Movant filed one prior § 2255 motion on July 13, 1998.  See United States v. Morgan, No. 3:98cv1614-X (N.D. Tex.).  On September 23, 1999, the District Court adopted the findings, conclusions and recommendation of the magistrate judge, and denied the § 2255 motion.  The Fifth Circuit denied a certificate of appealability in February 2000.  See No. 99-11158.

In this second § 2255 motion, Movant challenges his sentence on the basis of the

Supreme Court's decisions in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738, 756, 160 L.

Ed. 2d 621 (2005); Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403

(2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Analysis:  This motion to vacate sentence is subject to the screening provisions set out in

28 U.S.C. § 2255, ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act

(AEDPA) of 1996.  See In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996).  That section provides that

a second or successive motion filed by a person attacking a sentence under § 2255 "must be

certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before

it can be heard in the district court.  See 28 U.S.C. § 2255, ¶ 8; 28 U.S.C. § 2244(b)(3)(A); In re

Elwood, 408 F.3d 211, 212 (5th  Cir. 2005).  In United States v. Key, 205 F.3d 773, 774 (5th Cir.

2000), the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district

court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has

granted the petitioner permission to file one.'"  See also Crone v. Cockrell 324 F.3d 833, 836

(5th Cir. 2003).

In general, "a later petition is successive when it:  1) raises a claim challenging the

petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2)

otherwise constitutes an abuse of the writ." Crone, 324 F.3d at 836-37 (citing In re Cain, 137

F.3d 234, 235 (5th Cir.1998)); see also United States v. Gibbs, 82 Fed. Appx. 879, *880, 2003

WL 22945656, *1 (5th Cir. 2003) (unpublished per curiam) (applying In re Cain in the context of

a second or successive § 2255 motion); Barr v. United States, 2003 WL 1113252, *1 (5th Cir.

2003) (unpublished per curiam) (same).

2

In this case Movant does not dispute that he previously filed a § 2255 motion that was denied on the merits. Relying on 28 U.S.C. § 2255 ¶ 6(3), he argues that the present motion is timely filed because it is based on a newly recognized statutory right. (§ 2255 Mot. at 1).

Movant's claim is unpersuasive. Paragraph 6(3) provides that the one-year statutory period for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." While paragraph 6(3) is applicable to "'all motions' under § 2255, initial motions as well as second or successive ones," Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478, 2482-2483 (2005), it does not obviate the leave-to-file requirement for second or successive motions found in § 2255 ¶ 8.[1]

Since Movant filed a previous motion under § 2255, which was denied, this court lacks jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Therefore, this § 2255 motion should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). See In re Epps,

---

[1]     The Supreme Court in Dodd recognized that when a right is made retroactively applicable more than one year after the Supreme Court first recognizes the right, a potentially harsh result may occur. 125 S. Ct. at 2483. The Supreme Court, however, is "not free to rewrite the statute that Congress has enacted." Id. It stated: "The disposition required by the text, here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions." Id.

127 F.3d 364, 364 (5th Cir. 1997) (setting out the requirements for filing a motion for

authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals); see also

In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996).[2]

<u>CONCLUSION</u>:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside, or

correct the sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice to Movant's

right to file a motion for leave to file a second or successive § 2255 motion in the United States

Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The clerk will mail a copy of this Memorandum Opinion and Order to Movant.

Signed this 21st day of September, 2005.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[2]     To obtain the requested authorization to file a successive § 2255 motion, a
Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and
viewed in light of the evidence as a whole, would be sufficient to establish by clear and
convincing evidence that no reasonable factfinder would have found him guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable.  28 U.S.C. § 2255; see In re Elwood, 408 F.3d
211, 212 (5th Cir. 2005) (per curiam).
      In In re Elwood, The Fifth Circuit recently denied a motion for leave to file a successive §
2255 motion raising a Booker claims.  408 F.3d at 212-13.  It held that the United States
Supreme Court did not make Booker retroactive to cases on collateral review for purposes of a
successive motion under § 2255.  Id.